United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-20163

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY RAY DENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
4:04-CR-00036

_____

Before GARWOOD, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Johnny Ray Denson pleaded guilty to being a felon in possession of a firearm in violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because we find that there was an insufficient factual basis

for his guilty plea in violation of FED. R. CRIM. P. 11(b)(3), we vacate the judgment of conviction and

remand for further proceedings.

## I. FACTS AND PROCEEDINGS

On May 22, 2003, law enforcement officers executed an arrest warrant against Denson at his

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

house on state charges of manufacturing and delivering a controlled substance. After Denson consented to a search of his house, officers found three firearms in Denson's master bedroom closet: (1) an Enfield .303 British caliber rifle; (2) a Marlin .22 LF caliber rifle; and (3) a Remington 12-gauge shotgun. At the time of the arrest, Denson had two Texas felony convictions for cocaine delivery and one Texas felony conviction for cocaine possession.

On January 20, 2004, while incarcerated, Denson filed a police report alleging that his brother had stolen his Remington 12-gauge pump action shotgun. After an investigation, authorities located an acquaintance of Denson's brother named Roy White, who stated that he had purchased a gun from Denson's brother. White turned the gun over to the authorities. However, the gun was not the Remington that Denson had alleged his brother stole but a Browning 16-gauge shotgun. While in custody, Denson examined the shotgun and determined that it had belonged to him but that it was not the gun he reported that his brother had stolen.

On January 29, 2004, an indictment charged Denson with one count of being a felon in possession of the three firearms found in his house, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 10, 2004, a superceding criminal information charged Denson with one count of being a felon in possession of the Browning 16-gauge shotgun, in violation of the same statutory provisions.

The rearraignment was conducted on July 19, 2004. The district court determined that Denson was competent to enter an informed plea, that he was satisfied with his counsel, that he understood the proceedings and charges against him, and that the plea was voluntary. The prosecutor proffered the facts the government was prepared to prove at trial, which included details of the arrest, an account of the three firearms that were seized from Denson's house and the Browning shotgun

2

obtained from White, and Denson's admission that he owned the Browning shotgun. After the prosecutor made the proffer of evidence, the district court asked Denson how he pleaded to the charges. Denson pleaded guilty. The proceeding concluded with the prosecutor's declaration that he would file a preliminary order of forfeiture on all four guns. In response, defense counsel clarified that Denson pleaded guilty only to the information and that Denson had signed a statement saying that the three guns alleged in the original indictment were not Denson's but his mother's.

The sentencing hearing was held on February 28, 2005. When the district court asked Denson why he needed the guns, Denson replied that he did not know the guns were in his house. The district court sought clarification, and defense counsel explained that, among the four guns listed in the PSR, Denson pleaded guilty only to possession of the Browning shotgun, which was charged in the superceding information. Denson explained to the court that the gun that he alleged his brother stole was a Remington 12-gauge shotgun, but a different Remington 12-gauge than the one the police found in his house. Denson told the court that he gave the Browning 16-gauge shotgun—the gun listed in the superceding information—to his brother in 1989 and that Denson had not possessed it since that time.

The district court inquired about the guns in Denson's bedroom closet. The district court asked why Denson had not seen the guns when he retrieved clothes from his closet. Denson answered that, when the police first searched his house, they did not find anything; only after the police took Denson to jail did they return and find the guns. Denson then explained that he did not know that the guns were in his closet because his mother and his girlfriend had put them in the closet when he was not in the house. The district court asked Denson why he pleaded guilty if he did not know about the firearms. Defense counsel interjected and clarified that the guns in the closet were

3

different guns than the one to which Denson pleaded guilty. The district court then asked counsel which guns formed the basis of the guilty plea.

Denson told the district court that he had not seen the Browning 16-gauge shotgun, the gun which formed the basis of his guilty plea, since May 2003 and that he had told the sheriff that he gave that gun to his brother in 1989. He told the court that the Browning shotgun was not the gun he alleged his brother had stolen. When the district court asked Denson whether he had children living in the house and whether it concerned him that he had firearms in the presence of children, he again replied that he did not know the guns were in his home and that he had given the Browning shotgun to his brother in 1989.

The district court then discussed the PSR with the prosecutor and defense counsel. The court determined that the guideline range calculated in the PSR was incorrect because the PSR upwardly adjusted the offense level by two levels due to the inclusion of the guns found in his closet. The district court reduced the total offense level to twenty-one, which yielded an advisory guideline range of 70 to 87 months. The district court sentenced Denson to 70 months imprisonment and a three-year term of supervised release.

On appeal, Denson raises four points of error. He argues that (1) there was an insufficient factual basis for his guilty plea in violation of FED. R. CRIM. P. 11(b)(3); (2) his right to allocution was violated; (3) the district court erred by requiring him, as a condition of supervised release, to cooperate in the probation officer's collection of a DNA sample; and (4) 18 U.S.C. § 922(g)(1) is unconstitutional. Denson concedes that his third and fourth points of error are foreclosed. As we conclude that Denson's guilty plea conviction should be vacated, we only consider his first point of error.

4

## II. DISCUSSION

Since Denson alleges an insufficient factual basis for his guilty plea for the first time on appeal, review is for plain error. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001). Under plain error review, the appellant must show "(1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights." *Id*. Even if these factors are established, the decision to correct the forfeited error lies within this court's sound discretion, and this court will not exercise its discretion to correct the error unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (citing *United States v. Olano*, 507 U.S. 725, 735–36 (1993)).

FED. R. CRIM. P. 11(b)(3) provides: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." "The purpose underlying this rule is to protect a defendant who may plead with an understanding of the nature of the charge, but without realizing that his conduct does not actually fall within the definition of the crime charged." *United States v. Spruill*, 292 F.3d 207, 215 (5th Cir. 2002) (internal quotations omitted). Additionally, the "factual basis must appear in the record and must be sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." *Id*. (internal quotations omitted). The court compares the elements of the crime with the facts admitted by the defendant to determine if a factual basis exists. *See Marek*, 238 F.3d at 314.

Denson only pleaded guilty to possessing the Browning shotgun, so the issue is whether there is an adequate factual basis that Denson possessed that firearm, not the others found in his house. A review of the sentencing hearing shows that the district court was confused by several interplaying factors: the number of guns involved; the fact that there were two charging instruments; the PSR's discussion of all four guns; and the fact that Denson admitted to possessing at least one gun—the gun

5

which he reported his brother stole—while denying knowledge of the other guns. At the sentencing hearing, Denson told the district court that, when he examined the Browning shotgun while in custody, he told the sheriff that he had not possessed it since 1989. Denson explained that the gun was originally his but that he had given it to his brother. Denson made this claim on three separate occasions. Focused on addressing some of the other factors, the district court did not resolve the patent disconnect between Denson's guilty plea and his repeated claim that he did not possess the Browning shotgun.

A review of the Rule 11 and sentencing hearings shows that the district court did not understand, either when accepting the plea or at sentencing, which gun formed the basis of Denson's guilty plea. After counsel clarified for the district court which gun was at issue, the district court still did not reconcile the guilty plea with Denson's claims that he did not possess the gun at issue. As a result, we find that the factual basis of the plea was insufficient. The district court's acceptance of Denson's guilty plea was plain error, and because Denson's substantial rights were affected, we exercise our discretion to correct the error. The judgment of conviction is vacated. Reversing on this ground, we need not reach Denson's other claims.

### III. CONCLUSION

The judgment of conviction is VACATED, and the case is REMANDED to the district court for further proceedings.

6