# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2010

No. 09-51106

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff- Appellee

v.

FERNANDO GARCIA-PAULIN

Defendant- Appellant

Appeal from the United States District Court
for the Western District of Texas

Before KING, GARWOOD, and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Fernando Garcia-Paulin appeals his conviction for bringing an alien to the United States under 8 U.S.C. § 1324(a)(1)(A)(i) on the ground that the factual basis the government presented to support his guilty plea is insufficient to support a conviction under this statute. We agree and vacate the conviction.

I.

Garcia-Paulin pleaded guilty to Count 1 of the indictment charging him with a violation of 8 U.S.C. § 1324(a)(1)(A)(i) and 18 U.S.C. § 2 (aiding and abetting). The indictment charged that Garcia-Paulin "knowing and in reckless disregard of the fact that Jaime Cajica Cano, an alien, had not received prior

No. 09-51106

official authorization to come to, to enter, or to reside in the United States, did bring or attempt to bring said alien to the United States and upon arrival said alien was not immediately brought and presented to an appropriate immigration officer at a designated port of entry." The indictment also charged that Garcia-Paulin "and others did aid and abet one another in said violation of law" and that the "offense was committed for the purpose of commercial advantage and private financial gain."

The factual basis accompanying Garcia-Paulin's plea agreement stated as follows:

> Jamie Cajica-Cano, a citizen and national of Mexico, contacted the defendant because he, Cajica-Cano, heard the defendant could obtain legal documents to work in the United States. The defendant, and others, aiding and abetting one another, did assure Cajica-Cano, that they could obtain legal documentation for Cajica-Cano to enter the United States and work. The defendant obtained a valid Mexican passport from Cajica-Cano and returned it to Cajica-Cano with a fraudulent I-551 ADIT stamp placed in the passport. In exchange, Cajica-Cano paid the defendant $15,000 Mexican pesos.

> A valid I-551 ADIT stamp would have permitted Cajica-Cano to enter the United States for limited purposes, but the fraudulent stamp did not give Cajica-Cano any right to be in or to remain in the United States. The defendant knew the I-551 ADIT stamp was fraudulent and invalid when he provided it to Cajica-Cano. Nevertheless, the defendant told Cajica-Cano the stamp would permit him, Cajica-Cano, to work in the United States, but would [sic] he must cross illegally, as the stamp would not permit entry at the port of entry.

> Cajica-Cano crossed into the United States illegally near Presidio, Texas, in the Western District of Texas, as instructed by defendant, where he met his girlfriend. Cajica-Cano and his girlfriend then proceeded north on Highway 67 to the Border Patrol checkpoint south of Marfa, Texas. When questioned by Border Patrol agents as to his right to be in the United States, Cajica-Cano, presented his passport with the false stamp. When confronted with the fact his

2

No. 09-51106

stamp was fraudulent, Cajica-Cano identified the defendant from a photo lineup as the person who sold him the stamp.

The defendant crossed into the United States on March 24, 2009, where he was arrested by immigration and customs enforcement agents pursuant to a warrant. The defendant was advised of his rights, which he freely and intelligently waived. The defendant admitted that he and others, aiding and abetting one another, did bring and attempt to bring aliens into the United States, knowing the aliens did not have permission to enter or reside in the United States. The defendant admitted to procuring false I-551 stamps for aliens to use to enter into the United States, knowing the stamps were fraudulent and invalid. The defendant did so for private financial gain.  One of the aliens who paid defendant for the false stamp on his passport was Cajica-Cano.

The defendant admits, that he and others, aiding and abetting one another, knowing that Cajica-Cano had not received authorization to enter the United States, did bring or attempt to bring the Cajico-Cano [sic], an alien to the United States, by providing a false immigration stamp to Cajica-Cano's  passport.  The defendant instructed Cajico-Cano [sic] to avoid inspection when he entered the United States by immigration officers.  The offense was committed for financial gain.

Garcia-Paulin acknowledged that he had gone over this document with his attorney and that the facts were correct and supported his plea of guilty to count one.

The district court found Garcia-Paulin guilty based on his plea.  Garcia-Paulin then appealed his conviction.[1]

---

[1] The district court entered final judgment on September 30, 2009.  Garcia-Paulin filed a pro se letter dated November 3, 2009, requesting the appointment of counsel to file an appeal, and the letter was filed into the record on November 5, 2009.  The district court considered the letter as a notice of appeal and granted Garcia-Paulin's request for appointment of counsel. The period for filing a timely notice of appeal elapsed on October 14, 2009.  See Fed. R. App. P. 4(b)(1)(A).  The district court may extend the time for filing a notice of appeal by an additional 30 days if "excusable neglect" or "good cause" is found.  See Fed. R. App. P. 4(b)(4).  A district court's grant of a motion to appoint counsel constitutes an implied finding of excusable neglect when an untimely notice of appeal has been filed.  See *United States v. Lister*, 53 F.3d 66, 68 (5th Cir. 1995); see also *United States v. Quimby*, 636 F.2d 86, 89 (5th Cir. 1981)(ruling on motion to appoint counsel and grant of leave to appeal in forma

No. 09-51106

## II.

We review guilty pleas for compliance with Rule 11. *United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006). Under Rule 11(b)(3), the district court must, before entering judgment on a guilty plea, satisfy itself that there is a factual basis for the plea. *Id.* This examination of the relation between the acts the defendant admits and the law is "designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 1171 (1969)(quoting Fed. R. Crim.P. 11, Notes of Advisory Committee on Criminal Rules).

A district court's acceptance of a guilty plea is a factual finding which is generally reviewed under the clearly erroneous standard. However, Garcia-Paulin concedes that because he is questioning the sufficiency of the factual basis for his guilty plea for the first time on appeal, review is for plain error. *United States v. Angeles-Mascote*, 206 F.3d 529, 530 (5th Cir. 2000). Under plain error review, Garcia-Paulin must show that "(1) there is an error; (2) the error is clear and obvious; and (3) the error affects his substantial rights." *Castro-Trevino*, 464 F.3d at 541. Relief for plain error is tied to a prejudicial effect. Even when plain error is established, we will not vacate the judgment unless the error "seriously affects the fairness, integrity, or public reputation of the proceedings." Id. To show prejudice, Garcia-Paulin "must show a reasonably probability that, but for the error, he would not have entered the plea." *Id.*,

pauperis constituted finding of excusable neglect). Thus, the district court's order appointing appellate counsel for Garcia-Paulin amounted to a finding of excusable neglect, and the notice of appeal was timely filed.

No. 09-51106

quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)(which modified *Angeles-Mascote's* plain error analysis).[2]

### III.

Garcia-Paulin argues that the facts presented in his factual basis are insufficient to support a conviction for the offense of bringing an alien into the United States under § 1324(a)(1)(A)(i). In determining the adequacy of a factual basis, the trial court must compare "(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information." *United States v. Marek*, 238 F.3d 310, 315 (5th Cir.2001) (en banc). In reviewing for plain error, this court must determine the elements of the crime and compare each element to the facts admitted by Garcia-Paulin in the factual basis to determine if there was error. *Id.*

The statute in question provides for a criminal penalty of not more than 10 years for:

> Any person who--
> (i) knowing that a person is an alien, brings to or attempts to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such alien.

*See* § 1324(a)(1)(A)(i), (B)(i). If guilty of aiding or abetting the acts described above, the penalty is limited to not more than five years. *See* § 1324(a)(1)(A)(v)(i), (B)(ii).

---

[2] Garcia-Paulin's plea agreement included a waiver of his right to appeal. However, if his plea was not supported by an adequate factual basis, the waiver of appeal provision in his plea agreement is unenforceable. *Id.*; *see United States v. Baymon*, 312 F.3d 725, 727-28 (5th Cir. 2002). If the factual basis is determined to be sufficient, then he has waived his right to appeal.

No. 09-51106

The key question in this analysis is whether the defendant "[brought] or attempted to bring in any manner whatsoever" an alien into the United States. In addressing this question, the structure of § 1324 is instructive. Subsection (a)(1)(A)(i) makes it a crime to bring or attempt to bring an alien into the United States. Subsection (a)(1)(A)(ii) makes it a crime to transport or attempt to transport an alien within the United States. Subsection (a)(1)(A)(iii) makes it a crime to conceal or harbor an illegal alien and subsection (a)(1)(A)(iv) makes it a crime to encourage or induce an alien "to come to, enter, or reside in the United States."

We have found no case where a defendant has been convicted under clause (i) of this statute for "bringing" an alien into the United States except where the defendant accompanied or arranged to have the alien accompanied (as in a smuggling operation) across the border into the United States. For example, in *United States v. Washington*, 471 F.2d 402, 404-05 (5th Cir. 1973), this Court pointed to several actions by Washington which supported its conclusion that the defendant's conduct constituted "bringing":

> Here Washington took money from each alien, gave each of them false identification, instructed each of them on how to use the identification to clear immigration officials, decided on the means of transportation to be used in reaching the United States, purchased airline tickets to the United States for each of them, personally handled the presentation to the airline of at least one alien's ticket, accompanied them to the United States, and waited for them at the airport until one of them was detained for failing to pass an initial inspection.

*Id*. at 405. The court also noted a distinction between "bringing" and persuading or aiding an alien to take himself to the border and cited *McFarland v. United States*, 19 F.2d 805 (6th Cir. 1927) with approval for the idea that "bringing" requires "active conduct on the part of the defendant."

No. 09-51106

The above cases are consistent with a holding by the D.C. District Court that

> The cases applying § 1324 support the conclusion that "encouraging or inducing" is the correct charge to bring against those who help others travel to or enter the United States illegally, while "bringing to"correctly charges persons who not only help, but also accompany aliens, or lead them, or meet them at the border.

*United States v. Assadi*, 223 F.Supp.2d 208, 210 (D.D.C. 2002).  In *Assadi*, the defendant obtained false passports for the aliens, bought airline tickets for them, procured boarding passes and took them to the airport.  He instructed the aliens to destroy their travel documents once airborne and to ask for asylum when they arrived in the U.S.  Because the defendant did not travel with the aliens on the flight, his acts amounted to encouraging the aliens to enter the U.S. illegally, but not bringing them to the U.S.  See also *U.S. v. Yoshida*, 303 F.3d 1145 (9th Cir. 2002)(Defendant guided aliens to aircraft heading to the U.S., led them to the gate, assisted them in boarding, escorted them on the plane and accompanied them on the flight.  This was sufficient to prove "bringing."); *United States v. Aguilar*, 883 F.2d 662, 684 (9th Cir. 1989)(Giving false papers to alien, coaching her to lie to immigration officials and escorting her supported a finding of "bringing"); *United States v. Wishart*, 582 F.2d 236, 239-41 (2d Cir. 1978)(Affirming conviction under § 1324(a)(1) for bringing based on defendant's action in giving alien false papers to enable his entry and driving alien across the border.)  A conviction under this statute has also been upheld where the defendant did not travel with the aliens across the border but met them on the United States side within a few yards after they walked across the border. *United States v. Aslam*, 936 F.2d 751, 754-55 (2d Cir. 1991).

Nothing in the factual basis in this case supports a finding that Garcia-Paulin "brought" the aliens to the United States as that term is uniformly

No. 09-51106

understood in the above cases.  Supplying a fraudulent passport stamp and advising the alien that the stamp would only allow him to work in the United States after he surreptitiously entered the country does not establish that Garcia-Paulin "brought" the alien to the United States as is required to support a guilty plea under § 1324(a)(1)(A)(i).  Garcia-Paulin had no active role in the alien's entry into the United States and the government included no facts in the factual basis reflecting that he accompanied the alien or directed anyone else to help the alien cross the border.

Nor does the factual basis support an aiding or abetting conviction under the related statute, § 1324(a)

> [A]iding and abetting the principal in a "bringing to" offense . . . criminalizes the act of aiding, counseling, inducing or encouraging not the alien but the principal, the person or venture who is illegally bringing the alien to the United States.

*United States v. Singh*, 532 F.3d 1053, 1059 (9th Cir. 2008).  An aiding and abetting charge is appropriate when the defendant assists a principal in an operation designed to smuggle aliens into the United States.  For example in *United States v. Villanueva*, 408 F.3d 193, 201-02 (5th Cir. 2005), the defendant acted as a guide in a smuggling conspiracy to help the aliens in their effort to enter the United States illegally, which was sufficient to support an aiding and abetting conviction.  However, the defendant cannot aid and abet only the alien. *Singh*, 532 F.3d at 1059.  No co-conspirators are identified in the indictment or factual basis to establish the existence of a principal whom Garcia-Paulin aided or abetted.

The government argues that the factual basis read in conjunction with the indictment's express reference to § 1324(a)(1)(A)(i) provides ample support for

No. 09-51106

the guilty plea.   However the indictment does nothing more than track the language of the statute.

> If sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea. *United States v. Bachynsky,* 949 F.2d 722, 730 (5th Cir.1991); *United States v. Boatright,* 588 F.2d 471, 475 (5th Cir.1979). The superseding information in this case, however, is not sufficiently specific. While it states that Adams concealed Ramon Martinez's violation of the money laundering statute, the information fails to allege any *facts* which would indicate that Adams took an affirmative step to conceal the crime. *Cf. Boatright,* 588 F.2d at 475 (concluding that an indictment is not adequate to serve as the factual basis for a plea of guilty to a conspiracy charge when the indictment "fails to allege any facts tying [the defendant] to the conspiracy.").

*U.S. v. Adams,* 961 F.2d 505, 509 (5th Cir. 1992).  Similarly, the indictment in this case does not include any supporting facts to establish "bringing."  The recital of the statutory requirements in the indictment does not correct the deficiency.  Even the case relied on by the government establishes this point.  In *United States v. Anaya*, 509 F. Supp. 289, 297 (S.D. Fla. 1980)(en banc), the court stated that "subsection (a)(1) was directed towards those who are directly involved in the physical ingress and subsection (a)(4) toward those who otherwise act as accessories." The concurring opinion notes that "[b]y adding the offense of 'encouraging or inducing' illegal entry . . . Congress completed its statutory scheme by legislating against those whose conduct is not so active as to fall within the prohibitions of" bringing an alien into the United States. *Id.* at 301.

## IV.

Accordingly, we conclude that the government provided an insufficient factual basis to support Garcia-Paulin's conviction as plainly required by Federal Rule of Criminal Procedure 11(b)(3).  The error was therefore clear or obvious.

No. 09-51106

In addition, it affected Garcia-Paulin's substantial rights and the government does not argue to the contrary.  We are satisfied that Garcia-Paulin would not have pled guilty to a statutory offense that subjected him to a prison sentence if he had realized that the factual basis relied on by the court and the government to support the conviction on that count failed to show that his conduct violated the statute.  See *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 1171 (1969)*; United States v. Dominguez-Benitez*, 542 U.S. 74, 80-83 (2004); *United States v. Ogbemudia*, 364 Fed. Appx. 72 (5th Cir. 2010)(unpublished); *United States v. Denson*, 183 Fed. Appx. 411 (5th Cir. 2006)(unpublished).  We exercise our discretion to correct this error by vacating Garcia-Paulin's conviction and remanding for further proceedings.

VACATED and REMANDED.