# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2011

Lyle W. Cayce
Clerk

No. 10-51083
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BAUDELIO SANCHEZ-MENDOZA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-3-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Baudelio Sanchez-Mendoza conditionally pleaded guilty to aiding and abetting possession of, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. Sanchez contends: the vehicle stop that lead to his arrest was illegal, and, therefore, the district court erred in denying his motion to suppress evidence; and, because his actions were not illegal and there

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was no evidence to link him to criminal activity, other than his presence at the suspected stash house, the factual basis for his guilty plea is insufficient.

In contending that the investigative vehicle stop was illegal, Sanchez challenges only the first prong of the two-part, reasonable-suspicion inquiry articulated in *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968):  whether the Drug Enforcement Administration Agents' conduct was "justified at its inception".  A vehicle stop is justified at its inception when an officer has an objectively reasonable suspicion, supported by specific and articulable facts, that criminal activity has occurred or is about to occur.  *Terry*, 392 U.S. at 21; *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).

For the denial of the suppression motion, the district court's findings of fact are reviewed for clear error; its legal conclusions, including the reasonable-suspicion determination, *de novo*.  *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *e.g.*, *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).  The evidence is reviewed in the light most favorable to the prevailing party—here, the Government.  *Santiago*, 410 F.3d at 197.

In this instance, it was not merely Sanchez' presence at the suspected stash house that aroused the Agents' suspicion.  At the time of the stop, they had information from a cooperating individual (CI) that the CI had picked up cocaine from chicken-coop structures at a specific location; the Agents observed an expensive vehicle (Hummer), seemingly out of place, driving in a poor, rural area; and the Agents watched Sanchez, who had been sitting outside one of the chicken coops, place a heavy looking, orange object in the back of the Hummer. Further, in the Agents' experience, chicken coops are often used to store drugs, and vehicles such as Hummers are often used by drug traffickers.

Considering the totality of the circumstances, and giving due weight to the factual inferences drawn by the Agents and district court, *see Ornelas*, 517 U.S. at 699, this information provided the Agents a "particularized and objective basis" for stopping the Hummer, in which Sanchez was a passenger.  *See, e.g.*,

*United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citation and internal quotation marks omitted). The Agents had reasonable suspicion to believe that Sanchez was engaged in illegal activity; therefore, the district court did not err by denying Sanchez' motion to suppress.

In contending the evidence was factually and legally insufficient to support his guilty plea, Sanchez: cites inapposite opinions concerning jury verdicts; and, in that regard, maintains the evidence shows equal, or nearly equal, circumstantial support to a theory of guilt as to a theory of innocence, and, accordingly, claims reversal of his conviction is required.

Without citation to the record, Sanchez claims he "raised his sufficiency claims in a timely motion" and, therefore, this issue should be reviewed *de novo*. His appeal waiver does not preclude review of the sufficiency of the factual basis of his guilty plea, *see, e.g.*, *United States v. Garcia-Paulin*, 627 F.3d 127, 131 n.2 (5th Cir. 2010); as the Government points out, however, Sanchez pleaded guilty and did not raise any objection or challenge in district court to the sufficiency of the factual basis. Accordingly, this newly-raised challenge is reviewed only for plain error. *See, e.g.*, *id.* at 131. For reversible plain error, there must be a clear or obvious error that affected Sanchez' substantial rights; even then, we retain discretion to correct the error and, generally, will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings". *E.g.*, *id.*; *United States v. Villegas*, 404 F.3d 355, 358-59 (5th Cir. 2005).

Along that line, Sanchez does not challenge, and, therefore has waived any challenge to, the sufficiency of the factual basis for the aiding-and-abetting portion of the charged offense. *See, e.g.*, *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir.) (issues not briefed adequately on direct criminal appeal are waived), *cert. denied*, 131 S. Ct. 158 (2010).

To determine whether there was error regarding the sufficiency of the factual basis, the elements of the charged offense are compared with the facts admitted by Sanchez, *e.g.*, *Garcia-Paulin*, 627 F.3d at 131; and, under plain-

error review, we may analyze other facts in the record that support his conviction, *e.g.*, *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). The elements of a § 841(a)(1) offense are knowing possession, with an intent to distribute, a controlled substance. *E.g.*, *United States v. Gamez-Gonzalez*, 319 F.3d 695, 699 (5th Cir. 2003). Section 841(b)(1)(A) prescribes penalties based on the drug type and quantity involved in the § 841(a)(1) offense; here, the § 841(a)(1) offense involved five kilograms or more of cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II); *Gamez-Gonzalez*, 319 F.3d at 699-700.

At rearraignment, the Government asserted: if a trial were held, it would prove beyond a reasonable doubt that Sanchez "had received [tele]phone calls earlier [on the day of his arrest] from an individual who said that someone would be coming to pick [the] cocaine up from him later that day", and "when that person never arrived, [Sanchez] went to transport the cocaine back to his house to await someone to come pick it up"; and a lab report showed that the amount of cocaine involved was over five kilograms. Sanchez agreed under oath that the factual basis and facts represented by the Government were true and correct: "that he possessed [the cocaine] with the intent to distribute". These facts, bolstered by the Agents' suppression-hearing testimony regarding Sanchez' incriminating statements to them after his arrest, demonstrate that Sanchez knowingly possessed cocaine with an intent to distribute it to the person who was to obtain it from him. *See id.* at 699-700. Accordingly, Sanchez has not shown error regarding the sufficiency of the factual basis for his guilty plea.

AFFIRMED.