**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 27, 2011

Lyle W. Cayce
Clerk

No. 10-41352
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-761-1

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gilberto Villarreal pleaded guilty to possession with intent to distribute 2.26 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D). The district court sentenced Villarreal to 18 months of imprisonment and 10 years of supervised release. He argues on appeal that the district court committed reversible error by misinforming him at his guilty plea hearing that he faced a maximum term of three years of supervised release, when he faced a statutory maximum term of life of supervised release. He relies, inter alia, upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the "worst-case scenario" analysis set forth in *United States v. Reyes*, 300 F.3d 555, 560-61 (5th Cir. 2002), to support his argument that he has established reversible plain error.

As Villarreal did not object to error under Rule 11 of the Federal Rules of Criminal Procedure in the district court, this court reviews his claim for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83 (2004). To establish plain error, Villarreal must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* This court has determined that *Dominguez Benitez*, 542 U.S. at 83, requires a defendant who asserts that Rule 11 error amounts to reversible plain error to demonstrate both that his substantial rights were adversely affected and that he would not have entered his guilty plea but for the error. *See United States v. Castro-Trevino*, 464 F.3d 536, 544 (5th Cir. 2006); *see also United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010). Villarreal has not established a "reasonable probability that, but for the error, he would not have entered the plea." *See Dominguez Benitez*, 542 U.S. at 83-85. He thus has not shown that the district court committed plain error. *See id.*

AFFIRMED.