# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2012

No. 11-51266
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TIMOTHY MCKEITHAN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-258-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Timothy McKeithan pleaded guilty to knowing possession of one or more computer files containing visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4), and was sentenced to a within-Guidelines statutory maximum 120-month imprisonment-term. McKeithan contends the district court erred in finding his guilty plea was supported by an adequate factual basis for the interstate-commerce element of the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This question is raised for the first time on appeal; thus, review is only for plain error. *E.g.*, *United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010). For reversible plain error, McKeithan must show a clear or obvious error that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

In accepting a guilty plea, the district court must ensure "the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea". *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (emphasis in original); *see* FED. R. CRIM. P. 11(b)(3). The factual basis must be "sufficiently specific to enable the district court to compare the conduct admitted by the defendant with the elements of the offense charged". *Trejo*, 610 F.3d at 313. In reviewing the factual sufficiency of the guilty plea under plain-error review, our court may look beyond the facts admitted during the plea colloquy "and scan the entire record for facts supporting his conviction". *Id.* "This includes the facts gleaned from the plea agreement and plea colloquy, [and] the factual findings relied upon in the presentence report . . . , as well as fairly drawn inferences from the evidence presented both post-plea and at the sentencing hearing. The indictment, if specific, is also fair game." *Id.* at 317 (internal quotation marks and citations omitted).

Our court has held "'[t]ransmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce'". *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002) (*quoting United States v. Carroll*, 105 F.3d 740, 742 (1st Cir. 1997)). Although a specific connection between the Internet and the images is necessary to satisfy the interstate-commerce requirement, circumstantial evidence of such a connection will suffice. *Id.* at 242.

Review of the record confirms ample factual support for the district court's finding McKeithan possessed images depicting minors engaged in sexually

explicit conduct that were transported in interstate commerce through use of the Internet. *E.g.*, *Trejo*, 610 F.3d at 317.

AFFIRMED.