# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2013

No. 12-10854
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANNY RAY ALEXANDER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-328-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Danny Ray Alexander pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 180 months of imprisonment and a two-year term of supervised release. On appeal, Alexander challenges his conviction on the ground that the factual basis for his plea was insufficient to allege an offense because it did not admit that his firearm possession was an act of interstate commerce. The Government moves for summary affirmance or, alternatively, for an extension of time to file a brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Alexander concedes, our review in this case is only for plain error since he failed to object in the district court to the adequacy of the factual basis to support his plea. *See United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010). To show plain error, Alexander must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

A conviction under § 922(g)(1) requires proof that "(1) that the defendant previously had been convicted of a felony; (2) that he knowingly possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce." *United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012). The factual basis to which Alexander stipulated is sufficient to sustain each of these elements, and Alexander does not contend otherwise. Instead, he asserts that § 922(g)(1) is constitutionally invalid to the extent that it attempts to criminalize the possession by a convicted felon of a firearm that has traveled between states at some unknown time in the past. He asserts that such possession, to be considered ongoing commerce, must be tethered to some requirement that the firearm has been purchased, sold, or transported within a specified time period. In support of this assertion, he relies on his interpretation of a recent Supreme Court case, *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012), as establishing that the Commerce Clause permits Congress to regulate or prohibit only activities that are ongoing and that are economic in nature.

Alexander acknowledges he cannot show error that is clear or obvious under current law. He raises the issue here to preserve it for further review. He also seeks to preserve for further review his contentions that the issue whether a factual basis admits a constitutional offense presents the question whether there can be a cognizable finding of guilt and that such an issue ought not be reviewed only for plain error.

No. 12-10854

Alexander has not met his burden under the plain error standard. The district court's judgment is AFFIRMED. The Government's motion for summary affirmance and its alternative motion for an extension of time to file a brief are DENIED.