# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 8, 2013

Lyle W. Cayce
Clerk

No. 12-40607
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JULIO CESAR MARTINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-37-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Martinez pleaded guilty to: conspiracy to possess, with intent to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (count one); and possession, with intent to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B) (count two). He was sentenced, *inter alia*, to: concurrent terms of 84 months' imprisonment, and a $2,000 fine.

Martinez contends the district court committed reversible plain error in accepting his guilty plea on count one (conspiracy to possess with the intent to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribute more than 500 grams of cocaine) because the factual basis was insufficient to support his guilty plea for conspiracy. He maintains the factual basis failed to establish the existence of any agreement between him and another person, which is a necessary element of conspiracy. The Government concedes error, acknowledging the factual basis was insufficient. It agrees that, under the applicable plain-error standard of review discussed below, the conviction and sentence for that count should be vacated.

Because Martinez did not object in district court to the sufficiency of the factual basis, review is only for plain error. *E.g.*, *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). For reversible plain error, Martinez must show a forfeited error that is clear or obvious, and that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). To show his substantial rights were affected, Martinez must demonstrate "a reasonable probability that, but for the error, he would not have entered the plea". *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). If he makes such a showing, our court will exercise its discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings". *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

Martinez and the Government are correct that the factual basis to which Martinez agreed did not establish the existence of an agreement between him and another person to violate the narcotics laws. *See United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006) (conspiracy requires defendant's knowledge of and voluntary participation in agreement between two or more persons). Accordingly, the district court committed plain (clear or obvious) error. *See* FED. R. CRIM. P. 11(b)(3) (court must determine there is factual basis before accepting guilty plea); *United States v. Garcia-Paulin*, 627 F.3d 127, 133-34 (5th Cir. 2010). Because there is a reasonable probability that Martinez would not have entered his guilty plea if he realized the factual basis did not support a conviction for conspiracy, the error affected his substantial rights. *See Garcia-*

No. 12-40607

*Paulin*, 627 F.3d at 134 (defendant would not have pled guilty if he had known factual basis was insufficient). Finally, a guilty plea based on facts that fail to support a conviction seriously affects the fairness of judicial proceedings. *Palmer*, 456 F.3d at 491-92. Accordingly, we exercise our discretion and vacate Martinez' conviction on count one; this matter is remanded for further proceedings on count one. *E.g.*, *United States v. Carreon-Ibarra*, 673 F.3d 358, 367 (5th Cir. 2012). (The conviction on count two is not challenged.)

Martinez next contends his sentence on count two should be vacated, and the case should be remanded for resentencing on both counts. He maintains the conviction on count one necessarily affected the district court's sentencing decision on count two; therefore, both sentences should be vacated. In response, the Government asserts vacating the conspiracy conviction should have no bearing on the sentence for count two, because each conviction and sentence stands alone, and there is no reason to believe the count-one sentence affected the count-two sentence.

The burden is on the Government to show a vacated conviction did *not* affect sentencing on another count. *See United States v. Whitfield*, 590 F.3d 325, 366 (5th Cir. 2009). Because nothing in the record shows Martinez' sentence on count two was not affected by his invalid conviction on count one, the sentences on both counts are vacated and the case is remanded for resentencing following the outcome of proceedings on count one.

As he did in district court, Martinez challenges the imposition of a fine as part of his sentence. In the light of our vacating both sentences and remanding for resentencing, we decline to address this claimed sentencing error. *E.g.*, *United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Martinez' conviction for count one is VACATED; his conviction for count two is AFFIRMED; his sentence for both counts is VACATED; and this matter is REMANDED for further proceedings consistent with this opinion.