# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10385
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ARRIAGA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-152-1

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Arriaga, Jr., appeals his guilty-plea conviction for unlawful possession of a machinegun. He argues that the factual basis was insufficient to support his plea because the factual resume did not include or mention a Zavasta machinegun as alleged in Count One of the indictment, which he contends was an essential element of the offense, and only referred to his possession of a machinegun. Arriaga did not raise this issue in the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10385

court. Accordingly, we review for plain error only. *See United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Before accepting a guilty plea, the district court must determine that the conduct admitted by the defendant "is sufficient as a matter of law to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc) (emphasis omitted). If sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea. *United States v. Garcia-Paulin*, 627 F.3d 127, 133 (5th Cir. 2010). The record, read in pari materia with the indictment, may also establish the existence of a factual basis. *United States v. Bachynsky*, 949 F.2d 722, 730 (5th Cir. 1991).

Here, the sole count of the indictment specifically charged Arriaga with the knowing possession of a machinegun, to wit, the Zavasta machinegun, identifying it by make, model, caliber, and serial number. The indictment was not a mere "recital of the statutory requirements." *Garcia-Paulin*, 627 F.3d at 133. At rearraignment, Arriaga stated that he had read the indictment, that he understood the charge against him, that he understood the essential characteristics of a machinegun, and that he committed the offense as charged. Although the district court did not read aloud the indictment, the reading being waived by counsel, the court's confirmation that Arriaga had read the indictment, understood the charge against him, and had committed the offense was sufficient to establish the factual basis for the charge. *See id.* The judgment of the district court is affirmed.

AFFIRMED.