# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

MAGALY ALEMANIA MALAGON SANDOYA,
  Also Known as Maggie, Also Known as Magi,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:15-CR-1603-2

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Magaly Malagon Sandoya appeals her conviction of, and sentence for,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51141

conspiracy to encourage and induce aliens to come to the United States for financial gain, causing serious bodily injury.  In a plea agreement, she agreed to waive her right to appeal the sentence "on any ground, including but not limited to any challenges to the determination of any period of confinement, monetary penalty or obligation, term of supervision and conditions thereof, and including any appeal right conferred by 18 U.S.C. § 3742."  With the exception of claims of ineffective assistance of counsel and prosecutorial misconduct of a constitutional dimension, she also waived the right to challenge the sentence in a postconviction proceeding.

Malagon Sandoya contends that there was not an adequate factual basis for her conviction because the stipulated facts did not establish that she personally caused serious injury or placed another person's life in jeopardy during and in relation to the offense, which she contends is required under a plain reading of 8 U.S.C. § 1324(a)(1)(B)(iii).  As Malagon Sandoya and the government say, Malagon Sandoya did not waive this issue by waiving the right to appeal her sentence.  *See United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008); *United States v. Baymon*, 312 F.3d 725, 727–28 (5th Cir. 2002).  Because Malagon Sandoya did not raise this issue in the district court, it is reviewed only for plain error.  *See United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012); *United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010).

We have already rejected this argument on plain-error review.  *See United States v. Alvarado-Casas*, 715 F.3d 945, 952-53 (5th Cir. 2013).  Accordingly, Malagon Sandoya has not demonstrated that the district court committed plain error in accepting her plea.

Malagon Sandoya claims that the district court erred in overruling her objections to increases in her sentence under U.S.S.G. § 2L1.1(b)(7)(B) based

on her causing serious bodily injury to another person, under U.S.S.G. § 3A1.1 based on the victim's vulnerability, and under U.S.S.G. § 3B1.1(a) based on her role as an organizer or leader. The government correctly maintains, however, that those issues are barred by Malagon Sandoya's knowing and voluntary appeal waiver, and they do not fall within any of the exceptions to the waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005). Accordingly, Malagon Sandoya's challenges to the sentence are dismissed.

The judgment of conviction and sentence is AFFIRMED in part, and the appeal is DISMISSED in part on account of the waiver.