# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2020

Lyle W. Cayce
Clerk

No. 19-30742
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TROYDARIUS JAMAL JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:18-CR-258-2

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Troydarius Jamal Jackson appeals his guilty plea conviction and sentence for being a felon in possession of a firearm.

Jackson first contends that the district court failed under Federal Rule of Criminal Procedure 11(b)(3) to ensure that his guilty plea was supported by an adequate factual basis. His argument is based on his answering "Yes" at the plea hearing when the court asked if he had "any disagreement with . . .

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the facts in the Factual Basis" for the plea the government had submitted (he nonetheless signed the factual basis).  Because he did not object on this ground in the district court, plain error review applies.  *See United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010).  Regardless of whether there was clear or obvious error regarding the factual basis, Jackson has not shown an effect on his substantial rights.  *See id.*  To do so, Jackson must show a reasonable probability that, but for the error, he would not have entered his guilty plea.  *See id.*

Jackson asserts that he would have challenged the search of the vehicle that lead to the discovery of a gun and drugs if not for the allegedly erroneous acceptance of his guilty plea.  But he could have challenged the search and seizure before electing to plead guilty; he did not do so.  Furthermore, he later filed a sentencing memorandum indicating that he did not "seek to disagree with the facts that make up the basis of his conviction" and knew that pleading guilty was in his best interest because he likely would have been convicted of all five counts of his indictment if he proceeded to trial.  The sentencing memorandum gave no indication that Jackson did not wish to proceed with his guilty plea.

Jackson also had a strong incentive to maintain his guilty plea.  Of the four counts that the government dismissed as part of the plea deal, two were drug charges that would have resulted in the steep career-offender enhancement to his Guidelines level.  *See* U.S.S.G. § 4B1.1.  Another was a charge of possession of a firearm in furtherance of drug trafficking, which requires at least a 5-year sentence that must run consecutive to other sentences.  *See* 18 U.S.C. 924(c)(1)(A)(i).  Although Jackson received a significant 10-year sentence for the felon-in-possession conviction, his sentence therefore would have been substantially higher with convictions on all counts.

In light of the record as a whole, Jackson has failed to show that he would not have pleaded guilty but for the error he raises regarding the factual basis. *See Garcia-Paulin*, 627 F.3d at 131.

"A voluntary and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999). Because Jackson has not shown that his guilty plea is invalid, he may not challenge the propriety of the search and seizure that led to the charges in his case. *See United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002); *Wise*, 179 F.3d at 186.

Jackson lastly argues that the district court miscalculated his criminal history score by counting two prior sentences separately when they should have been counted as a single sentence. Prior sentences are always counted separately if they were imposed for offenses that were separated by an intervening arrest. U.S.S.G. § 4A1.2(a)(2). Offenses are separated by an intervening arrest if "the defendant is arrested for the first offense prior to committing the second offense." § 4A1.2(a)(2); *accord United States v. Espinoza*, 677 F.3d 730, 736 (5th Cir. 2012).

There was no error here, plain or otherwise, because the second offense in question was committed on or about October 24, 2012, after Jackson had been arrested on August 9, 2012, for the first offense. Those offenses thus were separated by an intervening arrest, and their sentences were properly scored separately in calculating Jackson's criminal history points. *See* § 4A1.2(a)(2); *Espinoza*, 677 F.3d at 735-36. That is so even if the offenses were related factually. *See United States v. Akins*, 746 F.3d 590, 611 (5th Cir. 2014); *Espinoza*, 677 F.3d at 736-37.

AFFIRMED.