# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2020

Lyle W. Cayce
Clerk

No. 20-50054
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA CATO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-139-1

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

PER CURIAM:*

Joshua Cato appeals his guilty plea conviction and the sentence of 192 months of imprisonment imposed for conspiracy to possess with intent to distribute and distribute a controlled substance, namely 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) &

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

846. Cato argues that (1) the district court lacked subject matter jurisdiction because the indictment was deficient in that it did not charge an offense; (2) the district court erred in concluding that his guilty plea was knowing and voluntary because the magistrate judge (MJ) did not define the term "conspiracy" and the factual basis was insufficient; (3) the Government breached the terms of the plea agreement by arguing for an upward departure; and (4) the district court erred in sentencing him based on a quantity of actual methamphetamine because the Government failed to prove that the substance at issue was actual methamphetamine. In response, the Government asserts that Cato's claims are without merit and further asserts that the waiver of appeal provision in Cato's written plea agreement bars review of Cato's sentencing claim.

Cato did not challenge the sufficiency of the indictment before the district court; therefore, we review for plain error only. *United States v. Fairley*, 880 F.3d 198, 206 (5th Cir. 2018). A district court's jurisdiction is based upon the charging instrument stating an offense "cognizable under the authority of the United States." *United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (internal quotation marks and citation omitted). Defects in an indictment "do not deprive a court of its power to adjudicate a case"; thus, a defective indictment is not a jurisdictional defect. *See id.* at 630. Because, as discussed *infra*, Cato entered a knowing and voluntary guilty plea, he has waived review of all nonjurisdictional defects in the proceedings. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

"A district court's acceptance of a guilty plea is a factual finding which is generally reviewed under the clear error standard." *United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010). However, because Cato failed to challenge his guilty plea on the basis that it lacked an adequate factual basis, review is for plain error only. *United Sates v. Nepal*, 894 F.3d 204, 208 (5th Cir. 2018). Under plain error review, this Court considers the entire

No. 20-50054

record in assessing whether there is an adequate factual basis for a guilty plea. *United States v. Vonn,* 535 U.S. 55, 74-75 (2002).  In simple cases, such as conspiracy to possess with intent to distribute, it is generally sufficient that a reading of the indictment is followed by allowing the defendant an opportunity to ask questions.  *See United States v. Green*, 882 F.2d 999, 1005 (5th Cir. 1989); *United States v. Jack*, 686 F.2d 226, 229-30 (5th Cir. 1982). The assertions made in Cato's plea agreement, along with the solemn declarations made during his rearraignment, carry a strong presumption of truth and regularity and indicate that Cato understood the nature of the charges against him.  *See United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985).

Furthermore, the factual basis recited in the plea agreement, as well as the facts adduced from the record, including the presentence report --- to which Cato did not object and which was adopted by the district court --- establish every element of the offense to which Cato pleaded guilty.  *See United States v. Franklin*, 561 F.3d 398, 402 (5th Cir. 2009); *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008); *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002); *United States v. Adams*, 961 F.2d 505, 512 (5th Cir. 1992).  Cato does not demonstrate that he would not have pleaded guilty but for the omission of an adequate factual basis.  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  Accordingly, he cannot show that the district court committed error, plain or otherwise, in concluding that his guilty plea was knowing and voluntary.  *Nepal,* 894 F.3d at 208.

Because Cato did not allege that the Government breached the plea agreement in the district court, we review for plain error only.  *United States v. Kirkland*, 851 F.3d 499, 502-03 (5th Cir. 2017).  Even in light of the MJ's misstatement regarding the Government's promise to advocate for a sentence at the low end of the calculated guidelines range, the Government's assertion at sentencing that Cato's behavior throughout the proceedings

could warrant an upward departure is not inconsistent with the Cato's "reasonable understanding of the agreement." *United States v. Lewis*, 476 F.3d 369, 387-88 (5th Cir. 2007) (*quoting United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993)).

The record reveals that Cato read and understood the plea agreement, which contained an "explicit, unambiguous waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Thus, Cato's appeal waiver was knowing and voluntary. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014); FED. R. CRIM. P. 11(b)(1)(N). Accordingly, he is bound by it unless the Government breached the plea agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) (stating that where the Government has breached a plea agreement, the defendant is necessarily released from any waiver provision contained therein). The Government did not breach the plea agreement, and Cato does not argue that the waiver of appeal provision is otherwise invalid. Accordingly, we decline to address Cato's sentencing claim. The judgment of the district court is AFFIRMED.