# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2012

No. 11-40737
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO IBARRA-OLVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1795-3

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Antonio Ibarra-Olvera (Ibarra) appeals his guilty plea conviction on one count of aiding and abetting the transportation of an alien within the United States for the purpose of commercial advantage or private financial gain. He argues that his guilty plea is invalid because the district court did not correctly advise him of the maximum term of imprisonment for his offense.

The Government asserts in its brief that the appeal should be dismissed because Ibarra did not timely notice his appeal. The Government indicates that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it does not intend to waive or forfeit the requirement that a timely notice of appeal be filed.

A defendant in a criminal case generally has 14 days from the entry of the judgment on the criminal docket to file a notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i), (b)(6). This time limit is mandatory but not jurisdictional. *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007). A district court may extend the time "for a period not to exceed 30 days from the expiration of the time otherwise prescribed" based on a finding of excusable neglect or good cause. FED. R. APP. P. 4(b)(4).

The district court's judgment was entered on March 14, 2011. No earlier than June 27, 2011, the day he signed it, Ibarra filed a pro se notice of appeal. *See* FED. R. APP. P. 4(c). On August 2, 2011, the magistrate judge granted Ibarra's appointed trial counsel leave to withdraw, granted Ibarra leave to proceed in forma pauperis (IFP) on appeal, and appointed an attorney to represent Ibarra on appeal.

Ibarra contends that he did not receive actual notice of the judgment until May 27, 2011, and he asserts that the 14-day period for filing a notice of appeal did not begin until he received notice of the judgment. He argues that the notice of appeal was filed within the time allowed under Rule 4(b) for requesting an extension of time to file a notice of appeal.

These contentions are without merit. The plain language of Rule 4 provides that the time for filing a notice of appeal runs from "the entry of either the judgment or the order being appealed," FED. R. APP. P. 4(b)(1)(A)(i), and it carefully defines entry of a judgment "for purposes of this Rule 4(b)" as occurring "when it is entered on the criminal docket." FED. R. APP. P. 4(b)(6). As noted above, the judgment was entered on March 14, 2011, and the notice of appeal was filed on June 27, 2011. The notice of appeal was untimely filed.

Ibarra also argues that the magistrate judge's decision to appoint counsel constituted an implicit finding of excusable neglect. *See* FED. R. APP. P. 4(b)(4).

This court has held that a district court's order appointing counsel amounted to such a finding where the defendant requested appointment of counsel within the time period specified under Rule 4(b)(4). *See e.g.*, *United States v. Garcia-Paulin*, 627 F.3d 127, 130 n.1 (5th Cir. 2010); *United States v. Lister*, 53 F.3d 66, 68 (5th Cir. 1995); *United States v. Quimby* 636 F.2d 86, 89 (5th Cir. 1981). In contrast to such cases, however, in the instant matter the magistrate judge's order granting leave to appeal IFP and appointing appellate counsel could not constitute an extension of time to appeal because both Ibarra's notice of appeal and the magistrate judge's ruling appointing appellate counsel came after the expiration of the time for filing a notice of appeal under Rule 4(b)(4). Ibarra therefore cannot benefit from Rule 4(b)(4).

In view of the foregoing, Ibarra's appeal is DISMISSED due to his failure to file a timely notice of appeal.