# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR ARMANDO PERDOMO, also known as Oscar Perdomo, also known
as Pacheco Perdomo, also known as Gurgules Perdomo,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-127-22

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Oscar Armando Perdomo appeals his conviction by guilty plea of
aggravated identity theft, mail fraud, and a related conspiracy count, arguing
that the district court failed to conduct a sufficient colloquy before accepting
his plea, as required by Federal Rule of Criminal Procedure 11(b).  He also
tenders as an issue on appeal the reasonableness of the within-Guidelines

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-30080

sentence imposed, although he affirmatively argues that the sentence was reasonable. The government has moved to dismiss the appeal as untimely.

A criminal defendant's notice of appeal must be filed within fourteen days of the entry of judgment or the government's own notice of appeal. Fed. R. App. P. 4(b)(1)(A). Although this time limit is not jurisdictional, it is mandatory. *United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007). Here, final judgment was entered on August 27, 2014. Perdomo concedes that his notice of appeal, filed on January 26, 2015, was over four months late. But he submits that this court might be able to consider his appeal because of actions the district court took several weeks after the filing of his tardy notice of appeal. Specifically, he notes that the district court (1) dismissed Perdomo's habeas petition citing the pendency of his direct appeal and (2) appointed new counsel for the pendency of the appeal when Perdomo's prior counsel withdrew.

"Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period *not to exceed 30 days* from the expiration of the time otherwise prescribed by" Rule 4(b). Fed. R. App. P. 4(b)(4) (emphasis added). This court has found a district court's appointment of appellate counsel to operate as an implied finding of excusable neglect, and on that basis considered untimely appeals noticed less than thirty days after the deadline imposed by Rule 4(b). *See, e.g.*, *United States v. Garcia-Paulin*, 627 F.3d 127, 130 n.1 (5th Cir. 2010); *United States v. Lister*, 53 F.3d 66, 68 (5th Cir. 1995). But that line of cases does not aid Perdomo because neither he nor the district court took any action related to his appeal until well after the deadline, extended by thirty days, would have expired. *See United States v. Ibarra-Olvera*, 497 F. App'x 423, 424 (5th Cir. 2012); *United States v. Dominguez-Garcia*, 325 F. App'x 397, 398 (5th Cir. 2009).

Accordingly, this appeal is DISMISSED as untimely.

2