# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2009

Charles R. Fulbruge III
Clerk

No. 07-11107

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JULIO TRUJILLO-REYES,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 7:07-CR-010

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Julio Trujillo-Reyes pleaded guilty of transporting illegal aliens and of harboring illegal aliens. At sentencing, the district court adopted the mostly-undisputed facts in the presentence report ("PSR"). In summary, Trujillo-Reyes trans-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ported fourteen illegal aliens over 900 miles, from Phoenix, Arizona, to Wilbarger County, Texas. Ten spent the entire journey in the bed of his pickup truck, which was covered by a camper shell. The bed did not have seatbelts, and the back of the camper shell could not be opened easily from the inside.[1] When he was stopped, Trujillo-Reyes was traveling 88 miles per hour on a road with a 70 mile-per-hour speed limit.

Based on those facts, the district court determined that Trujillo-Reyes qualified for a sentencing enhancement, because he had "intentionally or recklessly creating a substantial risk of death or serious bodily injury." U.S.S.G. § 2L1.1(b)(6).[2] Trujillo-Reyes appeals that enhancement.

We review the district court's interpretation and application of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. Zuniga-Amezquita*, 468 F.3d 886, 888 (5th Cir. 2006). In *United States v. Pineda-Jimenez*, 212 F. App'x 369 (5th Cir. 2007), we reversed a sentence applying the enhancement under nearly identical factual circumstances. Importantly, we said that "[t]he government provided insufficient support for the enhancement" and noted that "[i]t is conceivable that in this case (or in other future cases) the government can make a showing as to the specific dangers facing those who are riding in the bed of a truck covered by a camper shell . . . ." *Id.* at 373. Here, the government attempted to make such a showing, so we must determine whether

---

[1] Trujillo-Reyes disagrees with the PSR's conclusion that the camper shell could not be opened easily from the inside. The district court, however, may adopt the PSR's factual findings "without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (internal quotation marks omitted). "The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue." *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995). Trujillo-Reyes has not provided competent rebuttal evidence.

[2] Without the enhancement, Trujillo-Reyes's offense level would have been 12, resulting in a guidelines sentence of 15-21 months' imprisonment. With the enhancement, the offense level was 15, and the recommended guidelines sentence was 24-30 months.

the specific danger justified application of the enhancement.

In *United States v. Cuyler*, 298 F.3d 387 (5th Cir. 2002), we affirmed the enhancement where the aliens had been riding in the uncovered bed of a pickup. We noted that "[a]liens who are unrestrained easily can be thrown from the bed of the pickup in the event of an accident or other driving maneuver of the sort that is unavoidable in highway driving." *Id.* at 391. Later, in *United States v. Solis-Garcia*, 420 F.3d 511, 516 (5th Cir. 2005), we reversed the enhancement where aliens were transported unrestrained in the cargo area of a minivan, reasoning that "[t]he only dangers . . . associated with riding in the cargo area of the minivan are generally the same dangers that arise from an individual not wearing a seatbelt in a moving vehicle." Finally, in *United States v. Zuniga-Amezquita*, 468 F.3d 886 (5th Cir. 2006), we affirmed the enhancement where aliens were transported unrestrained in the cargo area of a van surrounded by boxes. We outlined five factors to consider when applying the enhancement—"the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs"—and distinguished *Solis-Garcia* on the ground that the boxes made it difficult to exit the vehicle and created danger in case of an accident, because they "could fly around and strike or land on top of the aliens." *Id.* at 889-90.[3]

The enhancement was appropriate here. To begin, the two aggravating factors described in *Zuniga-Amezquita* are present here: The PSR adopted by the district court determined both (1) that it would have been difficult for the aliens to exit the vehicle quickly because the camper shell did not open easily from the inside and (2) that "if there had been an automobile accident, there likely would have [been] multiple injuries to the occupants of the camper shell as none

---

[3] We stated that the five listed factors were "not exhaustive, and future factual situations may present additional factors." *Zuniga-Amezquita*, 468 F.3d at 889 n.4.

were restrained and also based on their close proximity to each other."

The government further points out that, unlike aliens in the cargo area of a van, aliens in the bed of a pickup truck are afforded neither the safety features nor climate control of the vehicle's passenger compartment. And the inherent risks of traveling in a truck bed were compounded by the fact that Trujillo-Reyes transported the aliens a long distance (over 900 miles) and drove dangerously (greatly exceeding the speed limit). Given those aggravating circumstances, the district court did not err in concluding that Trujillo-Reyes recklessly created a substantial risk of bodily injury.

AFFIRMED.