# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-50749

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FELIPE JAVIER AGUIRRE

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-456-1

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant FELIPE JAVIER AGUIRRE was tried and found guilty of conspiracy to transport illegal aliens ("Count One") and transportation of a certain identified alien ("Count Two"), both in violation of 8 U.S.C. § 1324. The district court sentenced Aguirre to two concurrent terms of 30 months in prison and ordered Aguirre to pay $10,517.05 in restitution. Aguirre appeals his conviction, his sentence, and the order of restitution. For the following reasons, we AFFIRM in part and REVERSE in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The evidence produced at trial was clearly sufficient to convict Aguirre of conspiracy to transport illegal aliens under Count One of the Indictment. *See United States v. Kay*, 513 F.3d 432, 452 (5th Cir. 2007) (evidence is sufficient if "a rational juror could have found the elements of the offense proved beyond a reasonable doubt.") (citation and internal quotes omitted). To prove a conspiracy, the Government need show that Aguirre "either positively or tacitly agreed with another person to accomplish a common and unlawful plan, and that during the existence of the conspiracy, one of the conspirators knowingly committed an overt act in furtherance of the conspiracy." *United States v. Bourgeois*, 950 F.2d 980, 983 (5th Cir. 1992). "No express agreement to violate the law need be shown[.]" *Id.* (citation and internal quotes omitted). On the night in question, Roque Silva-Moreno informed Aguirre by phone that he was on an alien smuggling run, that he had been spotted by police, that he had driven off the road to avoid capture, that he had crashed his vehicle, and that he and his load of aliens had fled the scene. Aguirre then picked up Silva from the side of the highway and transported Silva back to his home. There, Aguirre fed Silva and loaned him a truck to retrieve the scattered illegal aliens. Aguirre also agreed to travel back to the scene and scout for law enforcement while Silva continued his alien smuggling run. For these services, Aguirre was to be paid. Given the circumstances and the parties' history as alien smugglers, a rational jury could reasonably conclude beyond a reasonable doubt that Aguirre conspired with Silva to transport illegal aliens and that both Aguirre's and Silva's actions that night were in furtherance of their conspiracy.

2. The evidence is not sufficient to support Aguirre's conviction of transporting an illegal alien under Count Two of the Indictment. To prove Aguirre was guilty of transportation of an illegal alien, the Government

had to prove that: (1) Silva had entered or remained in the United States in violation of the law, (2) Aguirre transported Silva within the United States with the intent to further Silva's unlawful presence, and (3) Aguirre knew or recklessly disregarded the fact that Silva was in the country in violation of the law. *See United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002). The Government concedes there is no direct evidence that Aguirre knew or recklessly disregarded the fact that Silva was an illegal alien. Moreover, there is no circumstantial evidence to support a conviction on this count. While Aguirre and Silva had worked together smuggling aliens on at least two prior occasions, knowledge of Silva's illegal status was not a necessary prerequisite of their conspiracy, nor would this knowledge have furthered the conspiracy. Silva had lived openly in the United States for ten months prior to the night in question, making it unlikely that one could infer from being in his presencethat he was in the United States illegally. Finally, Silva's evasion of police on the night in question is just as attributable to Silva's fear of being associated with the smuggling operation as it is attributable to fear of being deported. While the Government "may prove a guilty mind circumstantially . . . the use of circumstantial evidence does not relieve the government of its burden of establishing elements of an offense beyond a mere likelihood or probability, or by more than mere speculation." *United States v. Beckner*, 134 F.3d 714, 719 (5th Cir. 1998) (citations, internal brackets and quotes omitted). Any conclusion regarding Aguirre's knowledge is mere speculation. Accordingly, Aguirre's conviction on this count fails.

3.  Aguirre is not correct that his Indictment was ambiguous, duplicitous, or potentially led to a jury verdict that was not unanimous. An indictment is sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any

uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense. *See United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999). Aguirre's Indictment is clear as to the distinct and necessary elements in Counts One and Two, and each count allows for only one theory of liability. Count One charges Appellant with conspiring to transport "aliens," while Count Two charges Appellant with transporting "a certain alien, to wit: ROQUE SILVA-MORENO[.]" Silva cannot grammatically satisfy the term "aliens," so Count One must refer to persons other than he, to wit: the group of aliens Silva had allegedly conspired to smuggle into the United States. These distinctions were reinforced by the Jury Verdict form, statements made by the district court during trial, and by both parties during their closing arguments. Accordingly, no ambiguity or potential duplicity exists.

4. The district court did not err in enhancing Aguirre's sentence on Count One pursuant to § 2L1.1(b)(6) of the Sentencing Guidelines, and it did not err in ordering restitution. The evidence at trial and in Aguirre's Presentence Report showed that Aguirre was a veteran illegal alien smuggler who actively participated in a long-running alien-smuggling operation. Specifically, Aguirre provided the means of transportation for the operation and would scout for law enforcement on smuggling runs. Because Silva was a co-conspirator in this operation, his reasonably foreseeable actions in furtherance of the conspiracy were relevant conduct for sentencing purposes. *See* U.S.S.G. § 1B1.3; *United States v. Rodriguez*, 553 F.3d 380, 395 (5th Cir. 2008). Silva's manner of transporting the smuggled aliens on the night in question and his decision to evade police by driving off the road clearly "involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person," as required by § 2L1.1(b)(6). Given Aguirre's active participation in the

overall operation, and given his association with Silva, the district court did not err in finding that Silva's actions that night were reasonably foreseeable to a member of that conspiracy.

Aguirre's conviction on Count One is AFFIRMED. Aguirre's conviction on Count Two is REVERSED. The case is REMANDED to the district court to decide whether to resentence.