**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 5, 2012

Lyle W. Cayce
Clerk

No. 11-40116

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

versus

SALOMON ROJAS-MENDOZA,

Defendant-Appellant,

Appeal from the United States District Court
for the Southern District of Texas
No. 2:10-CR-224-1

Before JONES, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Salomon Rojas-Mendoza challenges his sentence for conspiracy to transport illegal aliens resulting in serious bodily injury. The district court enhanced the sentence pursuant to U.S.S.G. § 2L1.1(b)(6) after it determined that Rojas-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40116

Mendoza and his co-conspirator had recklessly created a substantial risk of death or serious bodily injury to the aliens. Rojas-Mendoza contends that the circumstances do not warrant the enhancement and that he was entitled to a reduction because he played only a minor rule pursuant to U.S.S.G. § 3B1.2(b).

Rojas-Mendoza agreed to help an unknown person smuggle illegal aliens from Mexico. He traveled with that person from Houston to South Texas in a stolen Chevy Tahoe. After staying at a motel, they met eight aliens with their guides on a dirt road at 4:00 a.m; all eight were placed into the cargo area of the Tahoe, with Rojas-Mendoza in the front passenger seat and the unknown person driving. At about 5:30, they began to be pursued by law enforcement, at which point the driver turned onto a caliche road. Because of fog and the wet, unpaved condition of the road, the deputy backed off his pursuit but later encountered the Tahoe on a grassy area near the caliche road. The vehicle had rolled over several times; five of the aliens as well as Rojas-Mendoza were badly injured, two aliens were dead, and the driver could not be found.

Accepting the facts and recommendations of the presentence report ("PSR"), including a sentencing enhancement because Rojas-Mendoza (and his co-conspirator) had recklessly created a substantial risk of death or serious bodily injury, the district court sentenced Rojas-Mendoza to 71 months' imprisonment—the highest sentence in the guideline range for his offense level and criminal history. At sentencing, Rojas-Mendoza objected to the U.S.S.G. § 2L1.1(b)(6) enhancement and requested a reduction for playing only a "minor role" in the conspiracy. The court overruled both objections.

Because Rojas-Mendoza properly preserved the issues he raises on appeal, we review the district court's application and interpretation of the guidelines *de novo* and its factual findings for clear error. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (citations omitted). Clear-error review requires only that a factual finding be plausible in light of the record as a whole. *Id.* A

No. 11-40116

court cannot impose a sentence enhancement such as § 2L1.1(b)(6) unless the government has proven any facts necessary to support the enhancement by a preponderance of the evidence. *Id.* But the defendant bears the burden of proof to show that he is entitled to a downward adjustment such as § 3B1.2(b). *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001).

Rojas-Mendoza argues that placing eight people in the cargo area of a Tahoe with its seats removed, without evidence of other aggravating factors such as substantial overcrowding or obstacles preventing easy escape, does not "recklessly creat[e] a substantial risk of death or serious bodily injury to another person." Further, Rojas-Mendoza contends that his co-conspirator's choice to speed down a rough road in an attempt to evade law enforcement was not reasonably foreseeable to him and should not be attributable to him for purposes of the enhancement.

Without deciding whether transporting eight persons in the back of that vehicle recklessly creates a substantial risk of death or serious harm,[1] we conclude that the court did not err in finding that the actions of Rojas-Mendoza's unnamed co-conspirator were reasonably foreseeable to Rojas-Mendoza and created a substantial risk of harm or death to others. Sentences for jointly undertaken criminal acts should be based on "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that

---

[1] *Compare Rodriguez*, 630 F.3d at 381 (finding that transporting three aliens in the cargo area of a Ford Explorer does not create a substantial risk), *and United States v. Solis-Garcia*, 420 F.3d 511, 516 (5th Cir. 2005) (finding that transporting four aliens lying in the cargo area of a minivan does not create a substantial risk), *with United States v. Mata*, 624 F.3d 170, 175 (5th Cir. 2010) (finding that an alien hiding in the cargo area of a Ford Escape under blankets, luggage, and a stroller created a substantial risk of harm), *United States v. Zuniga-Amezquita*, 468 F.3d 886, 890 (5th Cir. 2006) (finding that a substantial risk was created when five aliens were lying in the cargo area of a van with boxes and luggage stacked to the ceiling on top of them), *and United States v. Angeles-Mendoza*, 407 F.3d 742, 751 (5th Cir. 2005) (finding that a substantial risk was created by putting aliens in the bed of a pickup truck, and as many as ten in the cab, with the back seat removed).

No. 11-40116

occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3-(a)(1)(B). Thus, we have previously upheld sentences for participants in alien smuggling conspiracies that were enhanced under § 2L1.1(b)(6) even where the defendant was not engaging in the dangerous transportation.[2]

Although Rojas-Mendoza attempts to distinguish these cases by pointing out that there was no evidence to show he was an experienced or veteran alien smuggler, so his co-conspirator's actions were unforeseeable, we agree with the district court that the co-conspirator's dangerous evasive maneuvers were reasonably foreseeable by Rojas-Mendoza. He and his co-conspirator picked up the aliens well before morning on a dirt road, so Rojas-Mendoza should have foreseen unsafe driving conditions. And that a co-conspirator would take evasive, even recklessly hazardous action, to avoid detection and capture is almost inherent in the nature of smuggling. Indeed, at sentencing the court stated that the "two deaths, one person paralyzed from the waist down, many people injured very badly, fractured scapulas, fractured ribs, [and] damage to lungs . . . is reasonably anticipated in this type of transaction, since we see it way too much."

All parties agree that the co-conspirator's actions fall well within the ambit of recklessly creating a substantial risk of death or serious bodily harm. Contrary to Rojas-Mendoza's contentions, applying § 2L1.1(b)(6) because of his co-conspirator's reckless driving would not mean that the enhancement would apply in all alien-transporting cases involving motor vehicles, because the language of § 1B1.3(a)(1)(B) imputes to conspirators only those actions *actually* taken by their co-conspirators. Thus, this application of § 2L1.1(b)(6) would apply in the instant case but not in cases such as *Rodriguez* or *Solis-Garcia*, where there were no actual acts that created a substantial risk of harm or death.

Rojas-Mendoza, portraying himself as a passive observer tagging along to

---

[2] *See United States v. De Jesus-Ojeda*, 515 F.3d 434, 442-43 (5th Cir. 2008); *Angeles-Mendoza*, 407 F.3d at 751-52; *United States v. Aguirre*, 354 F. App'x 916, 919-20 (2009).

No. 11-40116

learn the trade, also contends that the district court erred in refusing to grant him a minor-role adjustment under § 3B1.2(b). A minor role adjustment applies to a defendant "who is less culpable than most other participants." U.S.S.G. § 3B1.2, comment 5. To qualify for the reduction, Rojas-Mendoza has the burden of showing he is "substantially less culpable than the average participant" and was "peripheral to the advancement of the illicit activity." *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (citations omitted). Whether he was a minor or minimal participant is a factual determination that we review for clear error. *Id.*

The PSR established that Rojas-Mendoza joined the conspiracy to smuggle aliens into the U.S., accompanied his co-conspirator from Houston to South Texas, stayed with him in a hotel, picked up the aliens from the guides, accompanied the driver in the front passenger seat while the aliens were in the cargo area, and, perhaps most importantly, was to receive compensation for his assistance with the conspiracy. Based on these facts, the district court found that Rojas-Mendoza was not "less culpable in this horrific conspiracy than anybody else" and was more than "just a passenger along for the ride."

We agree with the district court's application of the guidelines, and Rojas-Mendoza, who bears the burden of proof, points to no additional evidence to show he was only a minor participant. Additionally, contrary to his claims, the court adequately explained the factual bases upon which it rejected the request for sentence reduction by adopting the facts in the PSR and specifically pointing to Rojas-Mendoza's planned compensation for his role in the conspiracy. *See United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir. 1989).

The judgment of sentence is AFFIRMED.