**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2013

Lyle W. Cayce
Clerk

No. 11-20896

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROGELIO "ROY" IBANEZ, JR.,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
4:10-CR-233-1

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Rogelio Ibanez, Jr., appeals his guilty plea conviction of wire fraud, in violation of 18 U.S.C. § 1343. Ibanez contends that the factual basis supporting his guilty plea failed to establish an essential element of the offense because it did not allege that the funds traveled across state lines. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20896

there was no reversible plain error by accepting Ibanez's guilty plea, we affirm his conviction.

## I.

Ibanez, a former attorney, was charged with committing wire fraud in violation of 18 U.S.C. § 1343, by making an unauthorized transfer of $40,000 of client funds from a real estate escrow account at First National Bank in Edinburg, Texas, to a separate account he controlled at Lone Star National Bank in McAllen, Texas. Ibanez pleaded guilty to one count of wire fraud pursuant to a plea agreement. The district court sentenced Ibanez to 108 months of imprisonment and a three-year term of supervised release, and ordered him to pay $1,450,235 in restitution.

## II.

Ibanez did not object in the district court to the adequacy of the factual basis to support his plea. Thus, our review is for plain error only. *See United States v. Trejo*, 610 F.3d 308, 312-13 (5th Cir. 2010). To establish plain error, Ibanez must show (1) an error (2) that is plain or obvious and (3) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005). Even if he makes such a showing, this court has the discretion to remedy the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks and alteration omitted). "Plain error is error so clear or obvious that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Delgado*, 672 F.3d 320, 330 (5th Cir. 2012) (en banc) (internal quotation marks omitted). If the error is plain or obvious, Ibanez must also show that the error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not

No. 11-20896

have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

A district court cannot enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3). The district court is required "to determine that the factual conduct to which the defendant admits is sufficient as a matter of law to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc). "[T]he determinative question is whether there is an adequate factual basis in the record from which the district court could conclude as a matter of law that [the defendant's] conduct satisfies each element of [the offense]." *Id.*

The elements of wire fraud are "(1) a scheme or artifice to defraud; (2) material falsehoods; and (3) the use of interstate wires in furtherance of the scheme." *United States v. Brooks*, 681 F.3d 678, 700 (5th Cir. 2012).

Ibanez challenges the sufficiency of the factual basis supporting the third element, arguing that the factual basis did not establish that the funds actually traveled in interstate commerce. *See Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 511 (5th Cir. 1990) (holding that wire fraud communications must "be accomplished between different states"); *see also Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988) ("[T]he [wire fraud] statute requires that the wire communication cross state lines.").

The factual basis to which Ibanez stipulated states:

> Defendant is pleading guilty because he is guilty of the charges contained in Count Two of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. . . . On or about June 10, 2008, Defendant Roy Ibanez was the Owner of Southern Star Title Company. On or about June 10, 2008, Southern Star Title Company owned an escrow account at First

3

No. 11-20896

> National Bank of Edinburg, Texas (account #140012672) which was the recipient and possessor of escrow funds owned by clients of Southern Star Title Company. On or about June 10, 2008, Defendant Roy Ibanez caused the sum of $40,000 owned by customers of Southern Star Title Company and held in Southern Star Title Company's escrow account to be transferred electronically, through an interstate wire transfer system, from such account to an account of the Law Office of Roy Ibanez.

Ibanez argues that the district court plainly erred in accepting his guilty plea because the factual basis shows only that the system used to transfer the funds was part of an interstate wire transfer system, not that the wire transfer at issue actually crossed state lines.

Assuming there was plain error, Ibanez has not demonstrated that the error affected his substantial rights. "A defendant must . . . satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Dominguez Benitez*, 542 U.S. at 83 (internal quotation marks omitted). Ibanez argues that this court reverses on plain error when the factual basis does not support the elements of the charged offense and the defendant cannot plead guilty as a matter of law. Ibanez contends that the factual basis supporting his guilty plea fails to support the elements of wire fraud and that he "would not enter a plea to a charge of which he was not guilty."

Unlike the present matter, the cases cited by Ibanez involve circumstances where the factual basis admitted by the defendant was wholly inconsistent with the charged offenses and could not be sustained as a matter of law. *See, e.g.*, *United States v. Garcia-Paulin*, 627 F.3d 127, 133 (5th Cir. 2010) (finding plain error when defendant did not "bring" an alien into the United States because defendant played no active role in the alien's entry and "the government

included no facts in the factual basis reflecting that he accompanied the alien or directed anyone else to help the alien cross the border"); *United States v. Palmer*, 456 F.3d 484, 490-91 (5th Cir. 2006) (finding that guilty plea could not stand when defendant denied a "critical element of the charge" and rendered the charge "inapplicable"); *United States v. Denson*, 183 F. App'x 411, 413-14 (5th Cir. 2006) (unpublished) (finding factual basis of plea insufficient when district court could not reconcile the defendant's guilty plea of being a felon in possession of a firearm with defendant's claims that he did not possess the gun at issue); *United States v. Angeles-Mascote*, 206 F.3d 529, 530-31 (5th Cir. 2000) (reversing for plain error when defendant was indicted with having "been previously deported, knowingly, and unlawfully entered and was *found* in the United States" because defendant was not actually "found" when he voluntarily approached immigration officials, and indictment supported only a charge for "attempted entry" (emphasis in original)).

The factual basis to which Ibanez stipulated is not clearly inconsistent with the elements of the charged offense, as the phrase "through an interstate wire transfer system" does not exclude the possibility that Ibanez was guilty of wire fraud. Finally, Ibanez stipulated that he was guilty of committing wire fraud and that the government could prove each element of the offense beyond a reasonable doubt if the case proceeded to trial. Even if this case rose to the level of plain error, this is not the type of case that implicates our discretion because it does not call into question the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993). Accordingly, Ibanez cannot show plain error requiring reversal. The judgment of the district court is AFFIRMED.