# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50729
No. 14-50746
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JOSE LUIS SUAREZ,

Defendant−Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-274-1
USDC No. 7:14-CR-58-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

In a consolidated plea agreement, Jose Suarez pleaded guilty of wire fraud and of subscribing false tax returns, in violation of 18 U.S.C. § 1343 and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50729
No. 14-50746

26 U.S.C. § 7206(1) and (5), respectively.  He appeals the separate judgment in each matter, contending that the factual basis was insufficient to support the wire-fraud conviction and that the restitution order constituted an illegal sentence because restitution cannot be imposed in a tax-evasion case under Title 26.

With respect to wire fraud, Suarez claims that the factual basis did not set out facts showing that his sales-tax filings with the Texas Comptroller of Public Accounts crossed state lines, so the government did not establish the interstate element of the wire-fraud offense.  Suarez asserts that, but for the error, he would not have pleaded guilty of wire fraud.

Because Suarez did not object in district court to the sufficiency of the factual basis, our review is for plain error only.  *See United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Suarez must show that the error was clear or obvious and affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To show that the error affected his substantial rights, he must demonstrate "a reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  Even if he makes such a showing, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

To determine whether a factual basis is sufficient, a district court must compare the facts admitted by the defendant to the elements of the offense.  *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc).  The elements of wire fraud are "(1) a scheme to defraud; (2) material falsehoods; and (3) the use of interstate wires in furtherance of the scheme."  *United States v.*

*Brooks*, 681 F.3d 678, 700 (5th Cir. 2012); *see* § 1343.

The indictment charged that Suarez schemed to defraud the State of Texas by filing, via the Internet, fraudulent quarterly sales-tax reports with the Comptroller, "thereby causing writings, signs, and signals to be transmitted in interstate commerce." The factual basis to which Suarez stipulated likewise provides, in relevant part, that the sales-tax filings were "accomplished via the Internet, and therefore cause[d] writings, signs, and signals to be transmitted in interstate commerce."

Suarez maintains that the reference to "via the Internet" was insufficient to show that the fraudulent returns traveled in interstate commerce. He contends that a purely intrastate communication is outside the scope of the wire fraud statute.

Suarez admitted that he used the Internet and caused "writing, signs and signals to be transmitted in interstate commerce." The factual basis is thus not clearly inconsistent with the elements of the charged offense and does not exclude the possibility that Suarez committed mail fraud. Therefore, even if there was clear or obvious error—a question we do not address—Suarez has not shown that the error affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83. Further, under the circumstances, we decline to exercise our discretion to correct the error. *See Puckett*, 556 U.S. at 135.

We reached the same conclusion on similar facts in *United States v. Ibanez*, 532 F. App'x 544, 545–46 (5th Cir. 2013). Although *Ibanez*, being unpublished, is not binding precedent, it is persuasive. *See United States v. Johnson*, 619 F.3d 469, 473 n.3 (5th Cir. 2010).

There also is no reversible error regarding the restitution order. Because Suarez challenges the legality of the restitution award, review is *de novo*. *See*

No. 14-50729
No. 14-50746

*United States v. Nolen,* 472 F.3d 362, 382 & n.52 (5th Cir. 2006).  Although 18 U.S.C. § 3663 does not authorize restitution orders for Title 26 offenses, it does allow the sentencing court to "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."  § 3663(a)(3); *see United States v. Stout*, 32 F.3d 901, 905 n.5 (5th Cir. 1994).  Suarez expressly agreed, in the plea agreement, to pay restitution pursuant to § 3663(a)(3) and stipulated to the amount.  Accordingly, the district court did not err in imposing restitution.

The judgments of conviction and sentence are AFFIRMED.