## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40307

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAMON GARCIA-SOLIS, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HAYNES, GRAVES, and DUNCAN, Circuit Judges

HAYNES, Circuit Judge:

Ramon Garcia-Solis, Jr., pleaded guilty to one count of conspiring to transport undocumented aliens within the United States and two counts of transporting undocumented aliens within the United States. The district court enhanced Garcia-Solis's sentence, concluding that he drove recklessly while transporting the aliens based upon information in the presentence report ("PSR"). Garcia-Solis claims that the district court should not have imposed the enhancement because the statements in the PSR did not establish he drove recklessly. He also claims the district court erred by refusing to allow him to testify at the sentencing hearing. For the reasons set forth below, we AFFIRM.

No. 18-40307

## I.   Background

In September 2017, United States Border Patrol ("USBP") agents began following a car driven by Garcia-Solis.  According to the PSR, during the pursuit Garcia-Solis drove twenty miles over the speed limit, wove through traffic, and ran a red light.  When the USBP agents drew closer to his car, he slowed and pulled to the shoulder of the road, only to then speed off and travel at speeds of up to 100 miles per hour through traffic.  The USBP agents lost sight of the car due to its speed but later found it abandoned on the side of the road.  Footprints led the USBP agents to nearby brush where Garcia-Solis was hiding with the four undocumented aliens he had been transporting.

Garcia-Solis pleaded guilty to one count of conspiring to transport undocumented aliens within the United States and two counts of transporting undocumented aliens within the United States under 8 U.S.C. § 1324.  But he objected to a proposed Sentencing Guidelines enhancement for reckless endangerment under U.S.S.G. § 2L1.1(b)(6).  He filed written objections to the PSR, arguing that he traveled within the speed limits, changed lanes responsibly, and did not run a red light.

At the sentencing hearing, he again objected to the factual allegations and also argued his actions were not reckless.  During a back and forth discussion between the district judge and Garcia-Solis's counsel about what the evidence was and the basis of Garcia-Solis's challenge to the recklessness recommendation in the PSR, his counsel stated, "And if the Court would like, I could ask my client to testify about what happened that day," to which the district court responded, "Not right now."  The discussion continued about whether the information in the PSR substantiated the claim of recklessness, with both sides' counsel pointing out aspects of the PSR.  The district court was clearly aware of what Garcia-Solis contended the actual facts were and specifically noted that the court would have to accept Garcia-Solis's

No. 18-40307

"testimony" and disregard the unequivocal statements of "objective" border patrols.  After this lengthy discussion, the district court determined that the PSR, which included testimony from the USBP agents and two of the undocumented aliens, supported application of the enhancement.  Thereafter, Garcia-Solis was given a full opportunity to allocute, during which he said nothing about the facts of the alien transport.  After a further lengthy discussion of the prison sentence, location of serving the prison sentence, and supervised release, Garcia-Solis's attorney asked to be excused, never claiming that he was not given the opportunity to put on Garcia-Solis's testimony.  The district court sentenced Garcia-Solis within the Guidelines to 34 months of imprisonment on the three counts, running concurrently, plus one year of supervised release.  He timely appealed.

## II.    Discussion

Garcia-Solis argues that the district court erred by allegedly refusing to allow him to testify and by imposing the enhancement.  We examine each argument and conclude that neither has merit.

A. Whether the district court erred by allegedly refusing to allow Garcia-Solis to testify at the sentencing hearing.

Garcia-Solis argues that the district court violated Federal Rule of Criminal Procedure 32(i) by refusing to allow him to testify.  Because Garcia-Solis did not object to the district court's alleged denial, we review for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Under that standard, Garcia-Solis must show "(1) an error (2) that was clear or obvious (3) that affected his substantial rights." *United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) (per curiam).  If he does, "we have the discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Puckett v.*

3

*United States*, 556 U.S. 129, 135 (2009)). Garcia-Solis has not shown the district court erred under this standard.

Simply put, the district court did not prohibit Garcia-Solis from testifying. Instead, it declined his attorney's offer to have him testify "right now." Many pages of transcript ensue in which the district court clearly considered Garcia-Solis's statements via his attorney as "testimony" but determined that the border patrol officers were more objective and had no reason to lie. Garcia-Solis was given a full opportunity to allocute and said nothing about this. We thus conclude that there was no prohibition and, thus, no error, particularly given the deference owed to a district court in organizing the sentencing process. *See generally United States v. Henderson*, 19 F.3d 917, 927 (5th Cir. 1994) (noting that "a sentencing court must be given deference to determine whether a hearing is needed on particular sentencing issues"). We also conclude that, even if there were such a prohibition, it did not have a substantial effect on the decision because the district court considered the statements to which Garcia-Solis now says he would have testified. Thus, the district court did not commit plain error on this issue.

B. Whether the district court erred by imposing an enhancement for reckless endangerment.

Having given credence to the border patrol officers' and transported aliens' descriptions of what happened over Garcia-Solis's, the district court imposed an enhancement pursuant to U.S.S.G. § 2L1.1(b)(6), which provides for a two-level increase in a defendant's offense level if the transporting offense involved "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person" and applies to a "wide variety of conduct," according to comment 3 thereto. *See* § 2L1.1 cmt. n.3. The enhancement was based on the district court's finding that Garcia-Solis committed various dangerous traffic infractions, including driving at speeds of

up to 100 miles an hour and running a red light, while seeking to evade capture during the transporting of undocumented aliens. Garcia-Solis argues the allegations in the PSR are speculative and conclusory and fail to establish that he drove recklessly. We disagree.

We review the district court's application and interpretation of the sentencing guidelines de novo. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (per curiam). But we review the district court's factual findings for clear error. *Id.* "[W]e will conclude that a finding of fact is clearly erroneous only if a review of all the evidence leaves us 'with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005)). It is the government's burden to prove the facts supporting the enhancement by a preponderance of the evidence. *Id.*

The district court did not clearly err by finding that Garcia-Solis ran a red light, wove through traffic, and drove over the speed limit, including at speeds of up to 100 miles per hour. The information in the PSR was obtained from the USBP case agent and apprehension report. The PSR also contained a material witness statement from two of the undocumented aliens that "stated that they were anxious because at times [Garcia-Solis] was traveling at a high rate of speed and they worried that they could have been injured if they had been involved in an automobile accident." "The district court is entitled to rely upon the information in the [PSR] as long as the information bears some indicia of reliability." *United States v. Cervantes*, 706 F.3d 603, 620–21 (5th Cir. 2013) (quoting *United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010) (brackets omitted)). The district court considered and rejected Garcia-Solis's claims that the light was yellow and that the officers could not know his exact speed. We conclude that the district court did not clearly err in its factual findings.

No. 18-40307

We then turn to the legal question of whether these factual findings support an enhancement for reckless endangerment. Garcia-Solis points to the five factors applied under § 2L1.1(b)(6) in *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 & n.4 (5th Cir. 2006), which involved the method of placing the aliens in the vehicle and whether that method itself—such as putting an alien in a place where he or she could not get out in an accident or one that has extremes of heat or cold, lack of air and the like—could cause harm (even if the vehicle was being driven perfectly).

We conclude that the *Zuniga* factors are not exhaustive and do not mean that reckless driving can never be reckless endangerment. Indeed, we have previously upheld application of the enhancement based at least in part on reckless driving. *See United States v. Rojas-Mendoza*, 456 F. App'x 477, 479–80 (5th Cir. 2012) (per curiam) (applying enhancement where co-conspirator sped "down a rough road in an attempt to evade law enforcement"); *United States v. Trujillo-Reyes*, 318 F. App'x 286, 288 (5th Cir. 2009) (per curiam) (approving of enhancement in part because the defendant "drove dangerously" by "greatly exceeding the speed limit"); *United States v. Aguirre*, 354 F. App'x 916, 920 (5th Cir. 2009) (per curiam) (noting that defendant's "decision to evade police by driving off the road clearly" warranted application of § 2L1.1(b)(6)).[1]

Further, in addition to listing factors similar to those we have articulated, the commentary to § 2L1.1(b)(6) suggests that fleeing from law enforcement may warrant application of the enhancement. *See* § 2L1.1 cmt. n.3 ("If subsection (b)(6) applies solely on the basis of conduct related to fleeing from a law enforcement officer, do not apply an adjustment from § 3C1.2 (Reckless Endangerment During Flight)."); *see also United States v.*

---

[1] "An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

*Hernandez*, 630 F. App'x 254, 257 (5th Cir. 2015) (per curiam) ("This instruction against double counting demonstrates that . . . fleeing from law enforcement is the type of conduct that could create a substantial risk of death or bodily injury."). Thus, a district court may apply § 2L1.1(b)(6) based on reckless driving.

A district court should determine whether reckless driving warrants application of § 2L1.1(b)(6) on a case-specific basis, carefully examining the facts. *United States v. Solis-Garcia*, 420 F.3d 511, 516 (5th Cir. 2005). Along those lines, the mere violation of traffic laws, while highly relevant, is not enough to constitute reckless driving. *See, e.g., Rodriguez*, 630 F.3d at 379–80 (holding enhancement improper based on defendant making a U-turn across a highway where there was no evidence of dangerous conditions); *Solis-Garcia*, 420 F.3d at 516 (noting that the enhancement "does not extend so far as to increase punishment for offenders simply for transporting illegal aliens without requiring them to wear seatbelts"). But where, as here, those traffic violations put the passengers at high risk of an accident, then the enhancement is proper. Garcia-Solis committed numerous violations, including traveling well above the speed limit—all while fleeing from law enforcement. In addition, the undocumented aliens in the car said that they feared an accident because of Garcia-Solis's driving. Therefore, based on the specific facts of this case, the district court did not clearly err by concluding that Garcia-Solis drove recklessly. Thus, we AFFIRM.