# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2022

Lyle W. Cayce
Clerk

No. 21-51037
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LIZBETH DELGADILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-2456-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Lizbeth Delgadillo was sentenced to 12 months and one day for con-
spiracy to harbor aliens and harboring aliens for financial gain in violation of
8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(I) and (B)(i).  Delgadillo contends that
the district court clearly erred in applying the two-level enhancement under

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIRCUIT RULE 47.5.4.

U.S.S.G. § 2L1.1(b)(6) for creating a substantial risk of serious bodily injury.

The determination that a defendant created a substantial risk of serious bodily injury under § 2L1.1(b)(6) is a factual determination that we review for clear error. *United States v. Luyten*, 966 F.3d 329, 332 (5th Cir. 2020). There is no clear error if a factual finding is plausible in light of the record as a whole. *United States v. Ruiz-Hernandez*, 890 F.3d 202, 212 (5th Cir. 2018).

The Sentencing Guidelines provide for an increased base offense level for harboring an illegal alien "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." § 2L1.1(b)(6). There is no bright-line test for determining whether § 2L1.1(b)(6) is applicable; instead, courts must engage in fact-specific inquiry and apply the enhancement on a case-by-case basis. *United States v. Garcia-Solis*, 927 F.3d 308, 313 (5th Cir. 2019).

Despite Delgadillo's assertions to the contrary, the record reflects that she allowed her mobile home to be used as a place to harbor illegal aliens; that the aliens were being held against their will, deprived of adequate food and water, and stripped of their belongings; and that two of them were transported to a hospital for injuries sustained while in the mobile home. Although Delgadillo challenges the information contained in the presentence report, her objections without documentary evidence were insufficient to rebut the indicia of reliability of that information. *See United States v. Zuniga*, 720 F.3d 587, 590–91 (5th Cir. 2013); *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991). Further, because Delgadillo and her coconspirators took phones and other property away from the aliens and refused to let them leave, it was foreseeable that a fight would break out. *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 428–29 (5th Cir. 2014).

The determination that Delgadillo created a substantial risk of serious

No. 21-51037

bodily injury is plausible in light of the record as a whole, and the district court did not clearly err in imposing a two-level enhancement under § 2L1.1(b)(6). *See Ruiz-Hernandez*, 890 F.3d at 212.

AFFIRMED.