# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2023

Lyle W. Cayce
Clerk

———————

No. 22-50573

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jamie Mendoza,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-65-1

_____

Before Smith, Higginson, and Willett, *Circuit Judges*.

Stephen A. Higginson:[*]

Jamie Mendoza pleaded guilty to transportation of illegal aliens and was sentenced within the guidelines range to 24 months of imprisonment.[1]

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Mendoza pleaded guilty to count 2 of his indictment, charging him with transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (B)(ii), which carries a 5-year maximum sentence. However, his judgment states that he is guilty under 8 U.S.C. § 1324(a)(1)(A)(ii) & (B)(i), which carries a 10-year maximum sentence, for transporting illegal aliens *for financial gain*. The record does not reflect a finding by the court that Mendoza acted for financial gain. Nonetheless, the parties do not acknowledge

No. 22-50573

The district court applied an enhancement pursuant to U.S.S.G. § 2L1.1(b)(6) because, according to Mendoza's presentence report (PSR), he fled from Border Patrol agents, well exceeding the posted speed limit, with seven illegal alien passengers in his vehicle. *See* § 2L1.1(b)(6) (increasing a defendant's offense level where the "offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person").

For the first time on appeal, Mendoza challenges the district court's application of the enhancement under U.S.S.G. § 2L1.1(b)(6). Our review is for plain error only. *United States v. Ramirez*, 37 F.4th 233, 235 (5th Cir. 2022). To prevail on plain error review, Mendoza must demonstrate "(1) an error; (2) that is clear or obvious, rather than subject to reasonable dispute; and (3) that affects his substantial rights." *Id.* (citation omitted). If he does so, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration adopted) (citation omitted).

Mendoza first argues that the district court erred in adopting the PSR's factual findings with respect to his flight from Border Patrol agents because the PSR lacked sufficient indicia of reliability. We need not address this argument because Mendoza stipulated to the truth of the prosecution's factual basis at rearraignment. Specifically, he admitted under oath and in open court that he engaged in a "high-speed chase" as he "attempted to flee from Border Patrol . . . well exceeding the posted speed limit." Given that Mendoza admitted to the very facts whose reliability in the PSR he now challenges, any error in the district court's reliance on the PSR did not affect Mendoza's substantial rights. *See United States v. McKnight*, 570 F.3d 641,

_____

this inconsistency, and because it does not affect Mendoza's guidelines range, we do not further address it here.

649 (5th Cir. 2009) ("[S]olemn declarations in open court carry a strong presumption of verity."); *United States v. Ramos-Rodriguez*, 136 F.3d 465, 468-69 (5th Cir. 1998) (stating that defendant's admissions at his plea colloquy are "pivotal" and "will not easily be discounted"); *see also United States v. Avalos-Sanchez*, 975 F.3d 436, 441 (5th Cir. 2020) (noting that we may review "the entire record" when we examine factual-basis sufficiency supporting a conviction under plain-error review). Given Mendoza's own admission, moreover, "this is not the type of case that implicates our discretion because it does not call into question the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ibanez*, 532 F. App'x 544, 547 (5th Cir. 2013) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).[2]

Separately, Mendoza argues that the PSR's factual findings are insufficient to support an enhancement under § 2L1.1(b)(6). We have confirmed that the application of this enhancement "requires a fact-specific inquiry," *United States v. Mata*, 624 F.3d 170, 174 (5th Cir. 2010), and have found that this enhancement is proper where "traffic violations put the passengers at high risk of an accident," *United States v. Garcia-Solis*, 927 F.3d 308, 312-13 (5th Cir. 2019). It was not clearly erroneous for the district court to find that Mendoza's "high-speed chase," "flee[ing] from Border Patrol" and "well exceeding the speed limit," put his seven passengers at high risk of an accident.

We AFFIRM.

--------

[2] Mendoza also argues that the PSR is inconsistent with the probable cause affidavit, which does not describe the chase and states only that Mendoza "exceeded" the speed limit. But this is no inconsistency. The probable cause affidavit simply does not describe the chase in detail, and as the Government persuasively suggests, this is because Mendoza's indictment was for transporting illegal aliens, not fleeing authorities. This does not demonstrate plain error.